**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| ASTORNET TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) Civil Action No.: 8:14-cv-00245-RWT |
| v. | ) |
| BAE SYSTEMS, INC., | ) |
| Defendant. | ) |

**DEFENDANT BAE SYSTEMS, INC.'S
RENEWED MOTION FOR ATTORNEYS' FEES[1]**

Pursuant to Fed. R. Civ. P. 54(d), Local Rule 109.2, 28 U.S.C. § 1927, and 35 U.S.C. § 285, Defendant BAE Systems, Inc., by counsel, renews its motion for an award of attorneys' fees incurred in defending this baseless litigation.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Similarly, under § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." A case is "exceptional" under § 285 where it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

---

[1] BAE Systems, Inc.'s prior motion for attorneys' fees (Dkt. No. 34) was "**DENIED** *without prejudice* to renew within fourteen (14) days of the issuance of the mandate of the Court of Appeals[.]" Order (Dkt. No. 41) (July 1, 2015).

An award of fees is warranted in the existing case under 28 U.S.C. § 1927 and/or 35 U.S.C. § 285 at least because Astornet's indirect infringement theory of liability not only lacked legal authority, but also contradicted the great weight of authority interpreting 28 U.S.C. § 1498(a), a statute that is "straightforward."  Hr'g Tr. at 62:7.  Despite being advised as much days after filing the instant lawsuit, Astornet's counsel stubbornly persisted in its "borderline frivolous" (*id.* at 65:14) position.  Yet, just as BAE Systems Inc. warned Astornet's counsel, this Court concluded that Astornet's argument "is without any merit whatsoever" (*id.* at 65:24-25), and the Federal Circuit has now agreed.

For at least the foregoing reasons, and as discussed in detail in the accompanying memorandum of law, BAE Systems, Inc. requests an award of attorney fees incurred solely to defeat Astornet's meritless litigation.

Respectfully submitted,

Dated: November 9, 2015

\_\_\_\_/s/ Scott A. Felder_____
Attison L. Barnes, III (Bar No. 15198)
Scott A. Felder (*pro hac vice*)

WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
E-mail:    abarnes@wileyrein.com
           sfelder@wileyrein.com

*Counsel for Defendant BAE Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 9, 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's electronic case filing system. Any other counsel of record will be served by first class mail.

                                                  /s/ Scott A. Felder
                                                  Scott A. Felder