## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ASTORNET TECHNOLOGIES, INC., | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. RWT 14-cv-0245 |
| | * | |
| BAE SYSTEMS, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

## <u>MEMORANDUM OPINION</u>

On September 17, 2015, the Federal Circuit affirmed this Court's decision to grant Defendant BAE Systems, Inc.'s ("BAE") Motion to Dismiss the Complaint filed against it by Plaintiff Astornet Technologies, Inc. ("Astornet").  Astornet's Complaint alleged that BAE had induced the Transportation Security Administration ("TSA") to infringe on Astornet's patented technology through BAE's bids and subsequent contracts with the TSA.  *Astornet Technologies, Inc. v. BAE Systems, Inc.*, 802 F.3d 1271 (Fed. Cir. 2015).  Both this Court and the Federal Circuit found that 28 U.S.C. § 1498 limited Astornet's remedy to an action against the United States in the Court of Federal Claims.  *See id.* at 1273.

On November 9, 2015, BAE filed a Renewed Motion for Attorneys' Fees.  ECF No. 45.  BAE seeks to recover its attorneys' fees based on two discretionary statutes, 28 U.S.C. § 1927 and 35 U.S.C. § 285.  For the reasons that follow, the motion shall be granted in part and denied in part as moot with leave to refile.

## BACKGROUND

Astornet alleges that it is the sole exclusive licensee of United States Patent No. 7,649,844 (hereinafter the '844 patent). ECF No. 13 at 3. Astornet's sole owner, Michael Haddad ("Haddad"), is listed in the patent as the sole inventor. *Id.* Astornet was retained by the Transportation Security Administration in 2007 to develop a system to improve airport gate security. *Id.* at 2–3. In 2009, TSA solicited bids to build a new security-related system, the Credential Authentication Technology-Boarding Pass Scanning System (hereinafter the "CAT/BPSS"). *Id.* at 5. Astornet submitted a bid but was unsuccessful. *Id.* BAE, NCR Government Systems, LLC ("NCR"), and MorphoTrust USA, LLC ("MorphoTrust") were awarded trial CAT/BPSS contracts. *Astornet*, 802 F. 3d at 1274.

On January 27, 2014,[1] Astornet filed a Complaint against BAE, NCR, and MorphoTrust in this Court based on indirect patent infringement. ECF No. 1. BAE and NCR filed motions to dismiss, arguing that 28 U.S.C. § 1498 limited Astornet's remedy to an action against the United States in the Court of Federal Claims.[2] ECF Nos. 14, 22. The motions were granted, Astornet appealed, and the Federal Circuit affirmed, holding, as did this Court, that Astornet's exclusive remedy for the alleged infringement was a suit against the United States in the Court of Federal Claims under 28 U.S.C. § 1498. *See Astornet*, 802 F.3d at 1283.

---

[1] On March 9, 2012, Haddad filed a pro se patent infringement suit in his own name in this Court against NCR, BAE, Trans Digital Technologies, the United States Army, and TSA. *Haddad v. Trans Digital Technologies, LLC, et al.*, No. 12-cv-740-RWT, ECF No. 1 (D. Md. March 9, 2012). That same day, Haddad filed a complaint in the Court of Federal Claims under 28 U.S.C. § 1498 alleging that the United States infringed the '844 patent. *Haddad v. U.S.*, Case No. 1:12-cv-00165-NBF, ECF No. 1 (Fed. Cl. March 9, 2012). Both actions focused on the TSA contracts and alleged infringement. Haddad dismissed the action in this Court, *Haddad*, No. 12-cv-740-RWT, ECF No. 8, and the Court of Federal Claims dismissed the action in its court based on lack of jurisdiction because there was an action pending in the District Court of Maryland, *Haddad*, No. 1:12-cv-00165-NBF, ECF No. 17, at 2.

[2] Astornet amended its Complaint on February 25, 2014, dropping NCR and MorphoTrust. Astornet then filed Complaints against MorphoTrust and NCR in two separate actions. 14-cv-543-RWT, ECF No. 1; 14-cv-547-RWT, ECF No. 1. Both cases were dismissed, and the Federal Circuit affirmed. *See Astornet*, 802 F.3d at 1283.

On November 9, 2015, BAE submitted a motion for attorneys' fees that included those fees incurred on appeal.  ECF No. 45.  Following a hearing on the motion on January 21, 2016, the Court ordered Geoffrey Mason, then counsel for Astornet, to submit a complete and accurate financial statement under oath.  ECF No. 50.  Mason submitted a declaration and, pursuant to an agreement between the parties, a second supplemental declaration containing specifics regarding his ability to pay sanctions under 28 U.S.C. § 1927.  ECF Nos. 51, 54.  In response, BAE withdrew its Renewed Motion for Attorneys' Fees as to the award against Mason under 28 U.S.C. § 1927 (but not under 35 U.S.C. § 5285) with the option to refile should BAE later discover that the declarations were incomplete or inaccurate.  ECF No. 56.

## ANALYSIS

BAE seeks to recover its attorneys' fees in this litigation based on two discretionary statutes, 28 U.S.C. § 1927 and 35 U.S.C. § 285.  The crux of BAE's argument is that (1) 28 USC. § 1498 clearly provides that Astornet's exclusive remedy for the alleged infringement was a suit against the United States in the Court of Federal Claims; (2) this was indicated to Astornet many times; (3) Astornet never reasonably argued that it did not apply; and (4) it was frivolous to bring and maintain the case in this Court rather than in the Court of Federal Claims.  Astornet, meanwhile, opposes paying any attorneys' fees under these statutes because it argues that the case was not decided on the merits, nor was it brought in bad faith because it was similar to prior cases based on similar facts.

### I.      Attorneys' Fees Under 28 U.S.C. § 1927

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The United

States Court of Appeals for the Federal Circuit reviews a court's decision on a motion for sanctions "under 28 U.S.C. § 1927 pursuant to the law of the regional circuit." *Nystrom v. TREX Co*., 424 F.3d 1136, 1141 (Fed. Cir. 2005) (citing *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003)).   A court considering the propriety of a § 1927 award must focus on the conduct of the litigation and not on its merits.   *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999).   An award of fees under § 1927 requires "a finding of counsel's bad faith as a precondition to the imposition of fees."   *TREX*, 424 F.3d at 1150 (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 n.14 (4th Cir. 1999)).   Bad faith may be found "when it becomes evident that a claim lacks merit but an attorney persists in litigating the claim nonetheless."   *Shank v. Eagle Techs., Inc.*, No. CIV. A. RWT-10-2231, 2013 WL 4442033, at *2 (D. Md. Aug. 15, 2013) (quoting *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 537 (4th Cir.1990)).

BAE argues that Astornet's attorney, Geoffrey Mason, should be sanctioned under § 1927 because he had actual notice since the start of the litigation that 28 U.S.C. § 1498 barred the claim, yet he continued the litigation through the appeal.   BAE points to a series of e-mails and filings that explicitly indicate that Mason was on notice of this issue.   BAE's attorney sent Mason two letters to this effect.   ECF No. 45-3 ("[T]he plaintiff's action can only properly be maintained against the Government in the Court of Federal Claims.   Your client has been advised on this fact several times."); ECF No. 45-4 ("[W]here the Government uses a patented invention, the patentee's sole and exclusive remedy is an action against the Government in the Court of Federal Claims.").   In the letters, BAE outlined in some detail the problems with Astornet's claim and offered not to seek attorneys' fees and costs if Astornet agreed to dismiss the action. *Id.*

On August 27, 2014, this Court granted BAE's Motion to Dismiss based on § 1498, stating in a ruling from the bench that "Section 1498 of Title 28 of the United States Code is fairly simple to read" and "pretty straightforward." ECF No. 35, at 61–62. Nevertheless, and despite BAE's continued attempts to end the litigation by offering not to pursue attorneys' fees, ECF No. 45-1, at 9, Mason filed an appeal on Astornet's behalf. ECF No. 38. Even after being dismissed by this Court on that very ground, the Appellant's Brief filed by Mason only mentions the statute in two of its forty-four pages, and indirectly at that. ECF No. 45-5, at 40–42. The United States filed an *amicus curiae* brief in support of BAE in the appeal, reiterating that § 1498 precludes an action for indirect infringement against a Government contractor premised upon the Government's use of the patented invention. ECF No. 45-6, at 17–19. On March 12, 2015, BAE brought this to Mason's attention in an e-mail. ECF No. 45-7.

Mason attempts to challenge the motion by arguing that he was reasonable in continuing the litigation. In its Complaint, Astornet first accused BAE of inducing and/or contributing to TSA's infringement on the patent. ECF No. 13. However, it has been long settled that when the United States uses a patented invention, the patentees' exclusive remedy is an action against the United States. 28 U.S.C. § 1498(a); *see e.g. Richard Screw Anchor Co. v. United States*, 275 U.S. 331, 343–46. Later, in its opposition to BAE's Motion to Dismiss, Astornet argued that BAE lacked the Government's authorization and consent for its conduct that allegedly induced the Government to practice the patent. ECF No. 25, at 13–20. But Astornet (and Mason) knew that the Government had specifically expressed its authorization and consent to BAE's allegedly infringing conduct in this suit. *See* ECF No. 45-2. In its Opposition to BAE's Motion for Attorneys' Fees, ECF No. 46, Mason argues on behalf of Astornet that he pursued this case in good faith based on *Nextec Applications v. Brookwood Cos.*, 703 F. Supp. 2d 390 (S.D.N.Y.

2010), and *Morpho Detection Inc. v. Smiths Detection, Inc.*, No. 2:11cv498, 2013 WL 5701522 (E.D. Va. Oct. 17, 2013).  However, those cases involved claims of direct infringement, as BAE pointed out in its March 12, 2015 e-mail.  ECF No. 45-7.  Astornet and Mason failed to ever directly address the impenetrable legal barrier to their claims established by § 1498.

In light of all the evidence outlined above, it is apparent that Mason had actual notice about insurmountable legal problems with the claim.  *See Salvin v. Am. Nat. Ins. Co.*, 281 F. App'x 222, 225 (4th Cir. 2008).  "Sanctions are appropriate for pursuing a case after it becomes clear that the case is without merit." *Blue*, 914 F.2d at 573.  Mason knew or should have known the problems with the claim in February 2014, and his continued pursuit unreasonably and vexatiously multiplied the proceedings and their costs.  Accordingly, Mason's actions were sanctionable under 28 U.S.C. § 1927.

## II.    Attorneys' Fees Under 35 U.S.C. § 285

The Patent Act's fee-shifting provision authorizes district courts to award reasonable attorney's fees to prevailing parties in "exceptional cases."  35 U.S.C. § 285.  In 2014, the Supreme Court overturned "unduly rigid" Federal Circuit precedent and held that an "exceptional case" was "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755, 1756 (2014).  District courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 1756.

A case may be considered exceptional due to litigation-related misconduct, even if not independently sanctionable. *Id.* at 1756–57.  If there is no misconduct, "a case presenting either

6

subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757. Looking to its case law under the Copyright Act for guidance, the Supreme Court said that district courts could consider a list of non-exclusive factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" when determining whether to award fees. *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). *See also Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1378 (Fed. Cir. 2001) (holding that a district court may also consider factors such as "the closeness of the question and litigation behavior."). A movant must establish an exceptional case by a preponderance of the evidence. *Octane Fitness,* 134 S. Ct. at 1758.

### a.    BAE was a prevailing party under 35 U.S.C. § 285.

Astornet's contention that the statute cannot apply here because BAE was not a prevailing party is flatly wrong. "In a patent case, Federal Circuit law governs the determination of which party has prevailed and requires that (1) the party received at least some relief on the merits, and (2) relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) (quotation marks and citations omitted). A party has prevailed within the meaning of § 285, if, after discovery, a claim is dismissed with prejudice. *Mathis v. Hydro Air Industries, Inc.*, 1 U.S.P.Q.2d 1513, 1530 (C.D. Cal. 1986), *aff'd without op.*, 818 F.2d 874 (Fed. Cir. 1987), *cert. denied* 484 U.S. 826 (1987), *attorney fee award aff'd sub. nom.*, *Mathis v. Spears*, 857 F.2d 749, 8 U.S.P.Q.2d 1551

(Fed. Cir. 1988); *Tenax Corp. v. Tensar Corp.*, No. H-89-424, 1991 WL 336921, at *3–4 (D. Md. Apr. 30, 1991).

BAE is clearly a prevailing party here.  BAE achieved complete relief when Astornet's complaint was dismissed and the dismissal was affirmed on appeal.  Not only did BAE achieve this relief, it did so on the very grounds that it argued from the start.  As a result, Astornet can only assert its TSA contract-related patent infringement claims against the Government in the Court of Federal Claims, and not against BAE.  Thus, both parts of the test are amply satisfied. *See SSL Servs.*, 769 F.3d at 1086.

### b.        This is an "exceptional case" under 35 U.S.C. § 285.

Viewing the evidence in light of the totality of the circumstances, BAE has established that this is truly an "exceptional case," and it is entitled to attorneys' fees.  Astornet's persistence in litigating this case demonstrates frivolousness and objective unreasonableness in the factual and legal components of the case.  *Octane Fitness*, 134 S. Ct. at 1756 n.6.  When a patentee is "manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence."  *Eltech Sys., Corp. v. PPG Indus.*, 903 F.2d 805, 811 (Fed. Cir. 1990).  As discussed at length in the Section I analysis under 28 U.S.C. § 1927, Astornet cannot seriously maintain that it had a good-faith basis for continuing to pursue its infringement claim.  Not only was Astornet on notice that its claims had legal problems, it knew exactly what those problems were because BAE's attorneys had sent several letters outlining the problems in detail.  *See* ECF Nos. 45-3, 45-4.

The record reflects that Astornet continued to litigate the case even after it knew that it could not prevail on the merits based on strong precedential evidence.  *See Phonometrics, Inc. v.*

*ITT Sheraton Corp.*, 64 F. App'x 219, 221 (Fed. Cir. 2003) (confirming the district court's determination that a case was "exceptional" where a party in a patent litigation case continued to relitigate issues of a claim despite warnings from the Court of Appeals for the Federal Circuit). Astornet's continued pursuit of baseless claims that had no chance of success, combined with its inability to provide a good-faith basis excusing this conduct, demonstrate that this case is "exceptional" and that awarding attorneys' fees is appropriate. *See nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1325 (Fed. Cir. 2006) (upholding the district court's conclusion that a case was "exceptional" because the party's infringement claim was "not close" and there was no good-faith belief excusing its conduct).

### III.    Award of Attorneys' Fees

In awarding attorneys' fees, a Court must consider ability to pay and the reasonableness of BAE's request.

### a.    Ability to pay under 28 U.S.C. § 1927

A district court may not impose a monetary sanction, including under [Section 1927], without considering the attorney's ability to pay. *ClearValue, Inc. v. Pearl River Polymers, Inc*., 560 F.3d 1291, 1306 (Fed. Cir. 2009) (citing *Arnold v. Burger King Corp*., 719 F.2d 63, 68 (4th Cir. 1983) ("The policy of deterring frivolous suits is not served by forcing the misguided Title VII plaintiff into financial ruin simply because he prosecuted a groundless case.")); *Salvin v. Am. Nat. Ins. Co.*, 281 F. App'x 222, 226 (4th Cir. 2008).  "Inability to pay . . . should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status."  *In re Kunstler*, 914 F.2d 505, 524 (4th Cir. 1990).

In accordance with the January 21, 2016 Order, Mason submitted a declaration and, pursuant to an agreement between the parties, a second supplemental declaration containing specifics regarding his ability to pay sanctions under 28 U.S.C. § 1927.  ECF Nos. 51, 54.  In response, BAE withdrew its Renewed Motion for Attorneys' Fees as to the award against Mason under 28 U.S.C. § 1927, but sought to retain the option to refile (without limitation on time) should BAE later discover that the declarations were incomplete or inaccurate.  ECF No. 56. The position of BAE is more than reasonable especially in light of the glowing picture of Mason's success as a lawyer, as reflected on his firm's web page,[3] a copy of which is attached to this opinion.  While the Court is somewhat skeptical of his portrayal of his present financial circumstances, the Court will deny as moot the request for fees under 28 U.S.C. § 1927, but will grant leave to BAE to renew its request, without any time limitation, should the information provided by Mason later be shown to have been incomplete or inaccurate, or his financial circumstances change materially.

### b.      The reasonableness of the fee request

BAE requests an award of attorneys' fees in the amount of $79,236, incurred in defending this action, inclusive of proceedings in this Court and in the Federal Circuit.  This amount represents a portion of the attorneys' fees incurred by BAE from March 7, 2014 onwards, consistent with BAE Systems' March 3, 2014 letter to Astornet.  *See* ECF No. 45-4.

### i.      The lodestar framework

The "lodestar" framework and methodology for the calculation of reasonable attorneys' fees, requires a court to multiply the number of hours reasonably expended on the matter by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Bywaters v. U.S.*,

---

[3] *Geoffrey Mason*, Moarbes LLP, *Geoffrey Mason*, http://moarbes.com/lawyers/geoffrey-mason (last visited Aug. 2, 2016).

670 F. 3d 1221, 1229-30 (Fed. Cir. 2012); *Robinson v. Equifax Info. Svcs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009). "Although there is a strong presumption that the lodestar figure represents a reasonable attorney fee, the Supreme Court has recognized a district court's discretion to adjust the lodestar figure upward or downward based upon other considerations." *Bywaters*, 670 F. 3d at 1229 (internal citations omitted). The factors to be considered in determining reasonableness are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243–44.

### ii. The hourly rates sought by BAE are generally reasonable

The fee applicant bears the burden of establishing the reasonableness of a requested hourly rate. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* Evidence sufficient to verify the prevailing market rate "include affidavits of local lawyers familiar with the type of work involved, the relevant community, and the skills of the fee applicants." *Life Tech. Corp. v. Life Tech., Corp.*, 2012 WL 478080 (October 2, 2012). Appendix B of the Local Rules for the District of Maryland sets forth presumptively reasonable fee ranges, but these guidelines are non-binding.

BAE seeks hourly rates ranging from $115 to $685 per hour for its attorneys and paralegals. ECF No. 45-8, at 2. Scott A. Felder, counsel of record for BAE, has signed a declaration that the fees "are reasonable and customary in the community (i.e., the Washington, D.C. metropolitan area)." *Id.* at 9. Even though some of the rates charged by the attorneys are higher than the guideline rates, Astornet has not challenged them. Assessing the factors above, the case was procedurally complex involving multiple defendants and, at first, filed in multiple courts. The Complaint alleged issues relating to complex patent law and government contracts. ECF No. 13. Even though the question on which the case was ultimately decided and affirmed was relatively straightforward, BAE's attorneys spent an unusual amount of time corresponding with Astornet, explaining the statutes at issue and imploring Plaintiff to drop its case. BAE's attorneys exhibited a high level of skill and expertise commensurate with their experience. In light of all of these factors, the above-guideline rates requested by BAE are reasonable. *Life Technologies*, 2012 WL 4748080 at *2 (awarding above-guideline fees for complex matter involving highly skilled attorneys).

### iii. Reasonableness of hours

Once a reasonable hourly rate is determined, a reasonable number of hours must be determined. "A prevailing party may not recover fees for excessive, redundant, or unnecessary hours." *Johnson v. Hugo's Skateway*, 949 F.2d 1338, 1352–53 (4th Cir. 1991). BAE's attorneys have exhaustively documented the hours they spent on this litigation. ECF No. 45-8. The time appears reasonable, and Astornet does not dispute BAE's substantiation.

### CONCLUSION

Astornet's continuation of this litigation became clearly unreasonable, at the latest, when it failed to address the problems 28 U.S.C. § 1498 posed to its claim in its Opposition to BAE's

Motion to Dismiss in April 2014.  After that point, at a minimum, Astornet should have directly addressed the problem.  It failed to do so at any point, including during its appeal following dismissal based on § 1498.  Quite simply, Astornet and Mason "went all in" and, "[l]ike the unwise gambler, . . . did so at [their] peril."  *E.E.O.C. v. Freeman*, 126 F. Supp. 3d 560, 565 (D. Md. 2015).  To quote a great sage, "You've got to know when to hold 'em.  Know when to fold 'em.  Know when to walk away."  *Id.* (quoting *Kenny Rogers*, *The Gambler* (United Artists 1978)).  Astornet and Mason would have been wise to fold 'em.

Accordingly, the Court shall grant BAE's Renewed Motion for Attorneys' Fees, ECF No. 45, as to sanctions under 35 U.S.C. § 285 and award against Astornet the full $79,236 in attorneys' fees that BAE requests.  Further, although Geoffrey Mason displayed sanctionable conduct, the Court will deny as moot the motion as to sanctions under 28 U.S.C. § 1927, with leave to refile should the financial information submitted by Mason later be shown to have been incomplete or inaccurate or should Mason's financial circumstances change materially, and without regard to any otherwise applicable time limitations.

A separate Order will follow.


Date:  August 4, 2016                                     _____/s/_____
                                                                                ROGER W. TITUS
                                                                     UNITED STATES DISTRICT JUDGE



Figure 1 *Geoffrey Mason*, Moarbes LLP, *Geoffrey Mason*, http://moarbes.com/lawyers/geoffrey-mason (last visited Aug. 2, 2016).